UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :

G.T., *An Infant By Her Mother and Natural Guardian*,  :
*Elizabeth Reyes*, and ELIZABETH REYES, *Individually*,  :

                       Plaintiffs,  :

                                    :

           -v-                       :

WILFRIDO CASTILLO, M.D., BRONX LEBANON  :
HOSPITAL CENTER, BRONXCARE HEALTH  :
SYSTEM, SAEED ORAEE, M.D., WOODLAWN  :
MEDICAL ASSOCIATES, P.C., MRUDULA  :
PREMKUMAR, M.D., and JING JA YOON, M.D.,  :

                                  :

                    Defendants.  :

------------------------------------------------------------------------ :
                                 X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: _12/21/2022_

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

      The United States of America ("Government") moves for an order substituting itself as

defendant in place of Wilfrido Castillo, M.D. ("Castillo" or "Defendant") and dismissing the

complaint as against the United States without prejudice for lack of subject matter jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 5. For the following reasons, the

motion is granted.

## BACKGROUND

### I.    The Complaint

      Plaintiff Elizabeth Reyes ("Reyes"), acting in her individual capacity and as mother and

natural guardian of her infant daughter G.T.[1] (the "Infant" and together with Reyes, "Plaintiffs"),

commenced this action in the Supreme Court of the State of New York, Bronx County, on

---

[1] The full name of plaintiff G.T. has been withheld pursuant to Federal Rule of Civil Procedure
5.2.

August 21, 2020, alleging medical malpractice, lack of informed consent, and loss of services by Castillo and six others (together with Castillo, "Defendants").  Dkt. No. 1-1.  Plaintiffs allege that Reyes and the Infant were patients of Defendants and that, during the period from about August 21, 2018 to August 28, 2018, received negligent medical care from Defendants.  Id. ¶ 47.  Specifically, Plaintiffs claim that Defendants, including Castillo, negligently provided medical care including, *inter alia*, prenatal, obstetric, neonatal, perinatal, pediatric and other critical care, such as failing to timely perform a Cesarean section in connection with Reyes's pregnancy and delivery of the Infant.  *Id*.  As a result, the Infant "sustained severe, serious and permanent injuries" including, *inter alia*, brain damage, cerebral palsy, seizures, hypertonia in the limbs, and inability to walk.  *Id*.  Plaintiffs further allege that Defendants, including Castillo, failed to obtain informed consent in connection with the medical care at issue.  *Id*. ¶¶ 52–58.  Finally, Reyes also asserts a cause of action for the loss of the services and companionship of the Infant due to these alleged harms.  *Id*. ¶¶ 59–62.

## II.     Urban Health as a Federal Employee

During the relevant period, Castillo was an employee of Urban Health Plan, Inc. ("Urban Health"), a health center that received federal grant funds in 2017 and 2018 from the Department of Health and Human Services ("HHS") to provide certain medical care services.  Dkt. No. 7 ¶ 3.  Under the Public Health Service Act ("PHSA") as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 233(g)–(n) ("FSHCAA"), the Secretary of HHS may deem health centers that receive federal assistance and their employees to be "employees" of the Public Health Service ("PHS"), as to whom the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, provides the exclusive remedy for claims of injuries associated with the provision of medical care.  42 U.S.C. § 233(a).  On July 11, 2016, in accordance with the FSHCAA, the Secretary of HHS (the "Secretary") issued a Notice of Deeming Action

deeming Urban Health to be an "employee" of the Public Health Service ("PHS") effective

January 1, 2017 through December 31, 2017.  Dkt. No. 7-1.  In that capacity, Urban Health was

entitled to liability protection under the Federal Torts Claims Act ("FTCA"), 28 U.S.C.

§§ 1346(b), 2672, both for itself and for, *inter alia*, its full- and part-time employees.  *Id*. at 1–3;

Dkt. No. 70.  On August 11, 2017, the Secretary issued a Notice of Deeming Action deeming

Urban Health to be a PHS employee effective January 1, 2018 through December 31, 2018.  Dkt.

No. 7-1 at 4–6.

## PROCEDURAL HISTORY

On July 9, 2020, Plaintiffs submitted, through counsel, an administrative claim to HHS

on a "Standard Form 95" for a Claim for Damage, Injury, or Death, claiming medical

malpractice and other causes of action.  Dkt. No. 7-2; Dkt. Nos. 10 ¶ 1, 10-1.  As of July 31,

2022, HHS had not issued a written determination either granting or denying that claim.  Dkt.

No. 7 ¶ 5.  On August 21, 2020, approximately six weeks after Plaintiffs submitted their

administrative claim to HHS, Plaintiffs commenced this action in the Supreme Court of the State

of New York, Bronx County, against Castillo and six other defendants.  Dkt. No. 1-1.

On June 17, 2022, the United States removed the case to this Court pursuant to 42 U.S.C.

§ 233(c) and 28 U.S.C. § 2679(d)(2) on the grounds that: (i) trial has not yet taken place in the

action; and (ii) this is a civil action brought against an employee of the PHS acting within the

scope of his employment.  Dkt. No. 1 ¶ 5.  The United States attached to its removal petition the

certification of Damian Williams, United States Attorney for the Southern District of New York,

that Castillo was deemed to be an employee of PHS pursuant to the PHSA during the period of

January 1, 2017 through December 31, 2018, and that he was acting within the scope of his

employment for purposes of the claims asserted against him in connection with the medical care

at issue.  Dkt. No. 1-2.

On July 31, 2022, the United States filed this motion to substitute and motion to dismiss for lack of jurisdiction along with a supporting memorandum of law and a supporting declaration.  Dkt. Nos. 5–7.  On August 12, 2022, Plaintiffs filed a memorandum of law and declaration in opposition to the motion to dismiss.  Dkt. Nos. 8, 10.  The United States filed its reply memorandum of law on August 22, 2022.  Dkt. No. 13.  Plaintiffs filed a surreply opposing the motion to dismiss on August 30, 2022.  Dkt. No. 16.  The Court ordered additional briefing on December 13, 2022.  Dkt. No. 17.  Plaintiffs submitted a letter brief on December 19, 2022.  Dkt. No. 18.  The Government submitted its letter brief on December 20, 2022.  Dkt. No. 20.

## DISCUSSION

The Government moves for the United States to be substituted for Castillo and for the complaint to be dismissed without prejudice for failure to exhaust administrative remedies.  Dkt. No. 6.  The Government argues that 28 U.S.C. § 2679 requires that the Government be substituted for Castillo upon certification by U.S. Attorney Williams that Castillo was acting within the scope of his employment at the time of the incident out of which the claim arose.  *Id.* at 9–10.  The Government also contends that because the action was commenced (albeit in state court against the individual defendants) before Plaintiffs exhausted administrative remedies, subject matter jurisdiction is lacking under the FTCA.  *Id.* at 10–13.  Finally, the Government also argues in its reply brief that the Court lacks subject matter jurisdiction over the negligence claim against Castillo under the doctrine of derivative jurisdiction.  Dkt. No. 13 at 7–9.

## I.      The Statutory Framework of the FTCA and FSHCAA

The questions of whether the United States should be substituted for Castillo and whether, in turn, the complaint should be dismissed as against the United States is addressed by the complex web of statutes under the FTCA and FSHCAA.  The FTCA provides, in relevant part, that the federal district courts have "exclusive jurisdiction" over damages claims against the

4

United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  A prerequisite for jurisdiction is the exhaustion of remedies, which requires either a final denial of an administrative claim or an agency's failure to make a "final disposition of a[n administrative] claim within six months" of its filing.  28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). "The remedy against the United States [provided by the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee."  28 U.S.C. § 2679(b)(1).  "The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment."  *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).

If the Attorney General or his or her designee certifies that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the [FTCA], and the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(1).  In addition, upon that same certification, "any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the

district court of the United States for the district and division embracing the place in which the action or proceeding is pending" and "shall be deemed to be an action or proceeding brought against the United States . . . , and the United States shall be substituted as the party defendant." *Id*. § 2679(d)(2).

The FSHCAA extends those same provisions to PHS employees.  The FTCA provides the exclusive remedy "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any . . . employee of the Public Health Service while acting within the scope of his office or employment."  42 U.S.C. § 233(a).  "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct."  *Hui v. Castaneda*, 559 U.S. 799, 806 (2010).  Once the Secretary of HHS deems an entity and its employees to be "employees" of the PHS, the remedy against the United States under the FTCA becomes "exclusive of any other civil action or proceeding," 42 U.S.C. § 233(g)(1)(A).  Thus, "[t]he FTCA is the exclusive remedy for state-law tort actions brought against Public Health Service employees acting within the scope of their employment."  *Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 321 (E.D. Pa. 2020).  Moreover, Section 233(c) of the FSHCAA provides: "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought

against the United States under the provisions of title 28 and all references thereto."  42 U.S.C.

§ 233(c).

## II.     Substitution of the United States as a Defendant

Plaintiffs "do not object to the substitution of the United States . . .  as defendant in place

of . . . Castillo."  Dkt. No. 8 at 1.  The Secretary of HHS has deemed Urban Health to be an

employee of PHS.  Dkt. No. 7-1.  Castillo is an employee of Urban Health and thus an employee

of the PHS.  *Id*.  The United States Attorney for the Southern District of New York, as the

designee of the Attorney General, has certified that Castillo was acting in the scope of his

employment at the time of the incident out of which Plaintiffs' lawsuit arose.  Dkt. No. 1-2.  And

trial has not commenced in state court.  "Under these circumstances, the substitution of the

United States as the defendant is automatic."  *Nin v. Liao*, 2003 WL 21018816, at *3 (S.D.N.Y.

May 5, 2003) (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995) and

*Robinson v. Marano*, 79 F.Supp.2d 96, 97 (N.D.N.Y. 2000)).

## III.    Subject Matter Jurisdiction

The Government maintains that the suit must be dismissed due to a lack of subject matter

jurisdiction because Plaintiffs did not exhaust their administrative remedies.  Dkt. No. 6 at 6.  In

particular, Plaintiffs did not wait the requisite six months or receive a final denial before bringing

suit in state court against Castillo.  *Id*. at 11–12.

Plaintiffs object to the dismissal of the complaint for failure to exhaust administrative

remedies.  They argued that they "fully exhausted their administrative remedies prior to the

commencement of an action against the United States under the FTCA."  *Id*. at 5–8.  Plaintiffs'

argument is based on the premises that "where a plaintiff brings a state tort claim against an

individual federal employee and the Government later removes the case on the basis that the

employee is covered by the FTCA, there is no action against the United States until the case is

removed to federal court and the United States is substituted as a defendant."  Dkt. No. 8 at 5.

Plaintiffs reason that since they submitted an administrative claim to HHS on July 9, 2020 and

never received a response, the claim is deemed denied as of the date six months from July 9,

2020 (or January 9, 2021), and because that date is before the case was removed, the

administrative exhaustion requirement was satisfied.  *Id.* at 7.  Plaintiffs assert that "it cannot be

said that Plaintiffs filed an FTCA claim prematurely, as Plaintiffs *never* brought suit in a federal

district court under the FTCA" and that "by the time that the United States removed Plaintiffs'

state court action to this Court under the FTCA, Plaintiffs had in fact exhausted their

administrative remedies."  *Id.* at 8 (emphasis in original)  In essence, Plaintiffs maintain that they

have satisfied the exhaustion requirement because more than 6 months had expired before the

lawsuit was removed to federal court and deemed an action under the FTCA.  Dkt. No. 8 at 5–8.

      "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance

of the evidence."  *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016).  "Exhaustion of

administrative remedies is a jurisdictional prerequisite under the FTCA."  *Nin*, 2003 WL

21018816, at *3 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  Section 2675(a) of

Title 28 provides that:

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of the Government while
> acting within the scope of his office or employment, unless the claimant shall have
> first presented the claim to the appropriate Federal agency and his claim shall have
> been finally denied by the agency in writing and sent by certified or registered mail.
> The failure of an agency to make final disposition of a claim within six months after
> it is filed shall, at the option of the claimant any time thereafter, be deemed a final
> denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  On its face, the provision does not distinguish between actions "instituted"

in state court and those instituted in federal court.  No such action shall be "instituted" unless

administrative remedies are exhausted.

The problem that this case and the FTCA's procedural provisions raise is that the statute's language appears to require a plaintiff suing a person who turns out to be an FTCA-covered employee acting within the scope of her employment to exhaust administrative remedies before the Attorney General or his designee deems that the defendant is an FCTA-covered employee acting within the scope of her employment. Though knotty, however, the problem is not novel. The most relevant precedent from the Second Circuit is *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76 (2d Cir. 2005). Plaintiff there brought a state-court medical malpractice action against the Mount Vernon Neighborhood Health Center ("Mount Vernon") without first exhausting administrative remedies. *Id*. at 78–80. The case was removed to federal court upon the determination that Mount Vernon was a federally-funded health care provider—and thus an employee of PHS—and after the United States Attorney certified that Mount Vernon was acting within the scope of its defined employment as an employee of the United States at the time of the alleged malpractice. *Id*. at 78–79. The Government moved successfully for the United States to be substituted for Mount Vernon and then, based on its certification that the employee was acting within the scope of its employment, moved to dismiss for lack of subject matter jurisdiction. *Id*. The Government claimed that Mount Vernon had failed to exhaust administrative remedies before filing the lawsuit in state court. *Id*. Celestine argued that she did not know that Mount Vernon was federally-funded and thus that exhaustion was required. *Id*. at 82–83. She argued that "the exhaustion requirement prescribed by the FTCA should be eased in circumstances where a suit is originally brought (1) in state court against (2) a defendant who is not readily identified as a federal employee." *Id*.

The Second Circuit addressed the issue posed above. It held that the pre-filing exhaustion requirement extends to cases originating in state court and requires the plaintiff to

exhaust administrative remedies before filing a state-court action even if the plaintiff is not aware that the defendant is (or has been deemed to be) a federal employee acting in the scope of employment.  *Id*. at 83–84.  Reviewing the plain language of the statute, the court held that "*all* suits against the United States, including those originating in state court against defendants yet to be formally replaced by the United States, must be subject to the administrative-exhaustion requirements specified in 28 U.S.C. § 2675."  *Id*. at 83 (emphasis in original).  The court recognized that the rule it was adopting would strip a court of jurisdiction based upon a later-filed certification, even when the plaintiff sues in state court in ignorance of the fact that the defendant was a federal employee and that a pre-suit administrative claim was required.  *Id*.  But it held that the injustice of a suit's dismissal, based on a federal administrative claim that plaintiff "did not know he had," had been "allayed" by the Westfall Act (the Federal Employees Liability Reform and Tort Compensation Act), which amended the FTCA in 1988.  *Id*. (citation omitted). As the Circuit explained it, the law

> expressly provided that while the administrative-exhaustion requirement would apply to all actions, *even those removed from state court*, plaintiffs would be given an opportunity, after the removal, to exhaust those remedies.  Specifically, the revised FTCA ensures that state court actions removed to federal court will still be considered timely if (1) the claim would have been timely had it been filed on the date that the underlying civil action was commenced, and (2) the claim is presented to the relevant Federal administrative agency within sixty days *after* the dismissal of the civil action.

*Id*. at 83 (citing 28 U.S.C. § 2679(d)(5)) (emphasis in original).  The plaintiff is not deprived of her claim in that instance.  If her action would have been timely when initially filed and she satisfies the exhaustion requirements after dismissal of her original action, she can file a new action in federal court, having satisfied the FTCA's procedural requirements, and after the Government had an opportunity administratively to address the claim.

It follows from *Celestine* that Plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction.  Plaintiffs filed their state-court complaint against Castillo within (and not outside) the six-month window that the federal administrative agency would have to consider Plaintiffs' claim.  Dkt. No. 1-1.  Plaintiffs filed the action without receiving a final denial from the agency.  It is irrelevant under *Celestine* that the action was filed originally in state court and did not name the United States as a defendant.  Section 2675 provides "[a]n action shall not be instituted upon a claim against the United States" prior to the earlier of a denial or the expiration of the six-month time period.  28 U.S.C. § 2675(a).  It is not dependent on the court in which the action was first instituted.  It also is not dependent on whether the United States is named directly or rather, as in this case, the claim is presented by suing a Federal employee.  In *Celestine*, the court acknowledged that the administrative exhaustion requirements apply to "*all* suits," even those in which defendants have "yet to be formally replaced by the United States." *Celestine*, 403 F.3d at 83 (emphasis in original).  The answer for Plaintiffs, as it was for Celestine, is that Plaintiffs will have to refile its suit in federal court.  If they exhaust the administrative remedies and if their lawsuit otherwise was timely when originally filed, Plaintiffs will be permitted to refile in federal court.

Such outcome might, at first glance, appear to turn on a technicality and to impose a needless administrative obstacle to plaintiffs who claim to have suffered serious injury.  Plaintiffs have an administrative claim already pending before HHS from June 5, 2020.  Both parties agree that, upon dismissal of this case for lack of subject matter jurisdiction, Plaintiffs may immediately refile their action in federal court as more than six months have passed since the filing of Plaintiffs' administrative claim.  *See* Dkt. Nos. 18, 20; *see also* 28 U.S.C. § 2679(d)(5)(B) (allowing for the refiling of suit as long as "the claim is presented to the

appropriate Federal agency within 60 days after dismissal of the action."); 28 C.F.R. § 14.2 ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages.").  But while seemingly technical, the outcome reflects an important underlying point: the administrative agency must be allowed the opportunity to try to resolve the dispute, before the Government is forced to go to the expense and effort of defending the conduct of those for whom it will be liable in court.  *See also MBE Capital Partners LLC v. AVPOL Int'l LLC*, 2019 WL 568587, at *5 (S.D.N.Y. Feb. 11, 2019) (describing the requirement that the action still be dismissed even if six months have passed); *Blair ex rel. Paul v. Culbert*, 2009 WL 1294061, at *4 n.9 (N.D.N.Y. May 7, 2009) (determining that the date of the filing of administrative claims before the date of removal was "well within the 60 days provided by the Westfall Act for the filing of an administrative claim after a failure to exhaust dismissal.  *See* 28 U.S.C. § 2679(d)(5)(B).").

Plaintiffs' argument to the contrary relies upon the Ninth Circuit's decision in *Staple v. United States*, 740 F.2d 766 (9th Cir. 1984), and its progeny, as well as on the decision of Judge Block in the Eastern District of New York in *Grancio v. DeVecchio*, 572 F. Supp. 2d 299 (E.D.N.Y. 2008).  Judge Townes, in dicta, later expressed agreement with *Grancio* in *Culbertson v. Cameron*, 2010 WL 1269777 (E.D.N.Y. 2010).  That authority is not persuasive. *Staple* involved facts similar—but not identical—to those here.  Plaintiff sued a federal employee for negligence individually in state court before filing an administrative claim.  *Staple*, 740 F.2d at 768.  The United States removed the case to federal court after the administrative claim was denied and, after being substituted as defendant, moved to dismiss on the basis that the federal court lacked jurisdiction because Plaintiff failed to exhaust administrative remedies before filing

the state court action.  *Id*.  The Ninth Circuit rejected the argument, holding that "the issue of federal court jurisdiction under section 2675(a) [and therefore exhaustion of remedies] does not arise until after removal to district court, for only there does the action become one against the United States."  *Id*.  It reasoned that a careful plaintiff uncertain about whether a federal employee was acting within the scope of his employment might wish to file a state court action to ensure that if the employee "is ultimately found to have acted outside the scope of his employment, a state forum is still available under the applicable state statute of limitations."  *Id*.  It concluded that "[w]e do not believe that the filing of such an action, during the period which section 2401(b) gives plaintiff to pursue her administrative remedy, violates section 2675."  *Id*.

The Ninth Circuit continues to adhere to the *Staple* rule and a number of cases (both within and outside that Circuit) have followed it.  *See*, *e.g.*, *D.I. by and through Junio v. Vassilev*, 858 F.2d 1242, 1246–47 (9th Cir. 2017) (adhering to *Staple*); *McCray v. United States*, 2015 WL 13745083, at *3 (E.D. Va. Apr. 7, 2015), *on reconsideration sub nom. McCray v. Ardelle Assocs. Inc.*, 2015 WL 13736028 (E.D. Va. May 1, 2015) (relying on Ninth Circuit law for proposition that claim brought in state court that did not name the United States as a defendant or state an FTCA claim was not considered an FTCA claim until the government removes the action and substitutes itself as a defendant); *Walters v. Mercy Hosp. Grayling*, 2013 WL 5775367, at *3 (E.D. Mich. Oct. 25, 2013) (relying on Ninth Circuit law for proposition that exhaustion was met when HHS denied plaintiff's claim before the United States was substituted as defendant); *Whitney v. Purcell*, 2012 WL 1267992 at *1–2 (D. Az. Apr. 16, 2012) (holding that relevant date for exhaustion period is date of removal).

Prior to *Celestine*, the Second Circuit too followed a rule that was similar to that in *Staple*.  A plaintiff was not required to preserve the FTCA remedy and, to avoid dismissal after

certification, to first make an administrative claim before filing a state court action against the federal employee individually. *See Kelley v. United States*, 568 F.2d 259, 264 (2d Cir.), *cert. denied*, 439 U.S. 830 (1978) ("Section 2675(a) requires an administrative filing before an action is 'instituted upon a claim against the United States.' It does not in terms apply to an action already instituted and removed and which is, upon removal, 'deemed a tort action brought against the United States.'").  The court recognized that an injured plaintiff could both file an administrative claim and bring suit against the employee individually as "a precautionary filing . . . to cover the chance that the employee was acting outside the scope of his authority," but believed that would happen only "in the rarest of rare cases," *id*. at 266, and that "few, if any, plaintiffs will have sued the federal driver knowing that the suit might properly have been commenced against the United States," *id*. at 265.  The decisions in *Kelley* and *Staple*, however, did not reflect the majority view.  *See Houston v. U.S. Postal Service*, 823 F2d 896, 900 (5th Cir. 1987) (listing cases from other circuits and describing *Staple* and *Kelley* as "out of step with the majority view because they hold that a plaintiff can avoid the FTCA's procedural requirements by filing suit against the government driver in state court"); *Henderson v. United States*, 785 F.2d 121, 125 (4th Cir. 1986) (holding similarly that filing of state court suit does not escape the exhaustion requirement);  *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982), *overruled on other grounds by Hawver v. United States*, 808 F.3d 693 (6th Cir. 2015) (same); *Meeker v. United States*, 435 F.2d 1219, 1222 (8th Cir. 1970) (same).

        But, in *Celestine*, the Second Circuit expressly held that "[t]o the extent that *Kelley* created a broad exception to the pre-filing exhaustion requirement for actions originally brought in state court," that decision did not survive the 1988 amendments to the FTCA effected by the Westfall Act and thus could "no longer be valid."  403 F.3d at 83.  To reiterate, the Circuit

declared that the Westfall Act "clarifie[d] that *all* suits against the United States, including those originating in state court against defendants *yet to be formally replaced by the United States*, must be subject to the administrative-exhaustion requirements specified in 28 U.S.C. § 2675." *Id*.  Before instituting a state court action against a federal employee, the plaintiff thus must exhaust administrative remedies.  The reasoning of *Kelley* "perdured" only to a limited extent, not applicable here, as to equitable tolling when there is a shorter federal statute of limitations. *Id*. at 84.  The predicates for the *Kelley* decision (and *Staple* after it)—the concern that a plaintiff would unwittingly be deprived of a remedy if she did not know the defendant was a federal employee acting within the scope of his employment and that it would be rare for a plaintiff to file both an administrative claim and a later precautionary state court lawsuit against the employee individually—were not sufficient to overcome the force of the Westfall Act.  Thus, *Staple* does not accurately state the law in this Circuit.

*Grancio v. DeVecchio*, 572 F. Supp.2d 299 (E.D.N.Y. 2008), also does not accurately state the law of this Circuit and is distinguishable in any event.  The case involved a proceeding initiated in in federal court not, as in this case and in *Celestine*, removal from state court. Plaintiff filed her complaint in federal court on the same day that she filed an administrative claim with the appropriate federal agency.  *Id*. at 310.  The complaint did not name the United States as a defendant or expressly assert claims under the FTCA but asserted only common-law tort claims against the federal employees.  *Id*.  When plaintiff's administrative claim was denied, she immediately amended her complaint to add the United States as a defendant and to assert claims under the FTCA.  *Id*.  The district court rejected the argument that the exhaustion requirement had not been satisfied and subject matter jurisdiction was lacking because the claim had not been denied as of the date the litigation was initiated.  *Id*. at 310–11.  Relying upon the

certification language of Section 2679(d), the court held "under the plain language of the FTCA, a tort claim against an individual federal employee is not deemed a 'claim against the United States'—and as a result, subject to the exhaustion requirement—until the Attorney General has certified that the employee was acting within the scope of his or her employment." *Id*. at 311.

*Grancio* is not consistent with *Celestine*. The court cited *Celestine* for the proposition that "[t]he FTCA requires . . . a claimant to exhaust all administrative remedies before filing a complaint in federal district court." *Id*. at 310. But it did not, however, address *Celestine*'s holding that the date by which a lawsuit should be deemed "instituted" against the United States for exhaustion purposes is not the date when the action is formally "deemed" an "an action or proceeding brought against the United States" under Section 2679(d), but the date when suit is brought against a person who is a federal employee, even if the United States has not yet been so formally named as the defendant. *Id.*; *see also Celestine*, 403 F.3d at 83; *Meeker*, 435 F.2d at 1222 (noting that the language of Section 2675(a) is "clear, unambiguous" and later noting that a claim which "had its *origin* in the negligence of a Government employee who was acting within the scope of his employment could not be removed from the ambit of [the FTCA] . . . by the filing of a suit against the employee in a state court" (emphasis added)). Nor does *Grancio* address *Celestine*'s holding that such an outcome is not inequitable because of the safeguard in the Westfall Act that provides for the filing of a new federal claim after the exhaustion of administrative remedies. *Celestine*, 403 F.3d at 83–84; *see also* 28 U.S.C. § 2675(d)(5). For those reasons, the Court declines to follow *Grancio*.

Plaintiffs alleged claims arising from the conduct of a federal employee within the scope of his employment. They therefore were required to exhaust administrative remedies before they brought that lawsuit. *See McNeil*, 508 U.S. at 112 ("The most natural reading of the statute

indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.  Every premature filing of an action under the FTCA imposes some burden on the judicial system.").  Because they did not, this Court does not have subject matter jurisdiction over those claims.  The claim against the United States thus must be dismissed for lack of subject matter jurisdiction.[2]

## CONCLUSION

For these reasons, the Court GRANTS the motion to substitute the United States as defendant in place of Wilfrido Castillo and to dismiss the complaint as against the United States without prejudice for a lack of subject matter jurisdiction.  The Clerk of Court is respectfully directed to close Dkt. No. 5.

SO ORDERED.

Dated: December 21, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] Finally, the Government also argues that the negligence claim against Castillo must be dismissed for the independent reason that, under the doctrine of derivative jurisdiction, the federal court lacks jurisdiction upon removal because the Bronx County Supreme Court lacked jurisdiction.  Dkt. No. 13 at 7–9.  The Government removed the cases pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2).  Dkt. No. 1 ¶ 6.  According to the Government, the state court lacked jurisdiction because under Section 2679(b)(1), "any other civil action . . . for money damages arising out of or relating to the same subject matter against the employee . . . is precluded without regard to when the act or omission occurred."  28 U.S.C. § 2679(b)(1).  *See* Dkt. No. 13 at 7–9.  The Government thus argues that Plaintiffs thus could only bring their complaint against the United States.  *Id.*  Plaintiffs cite a litany of non-Second Circuit cases to argue that the doctrine does not apply to cases removed under the Westfall Act.  *See* Dkt. No. 16 at 2.  Because the Court dismisses the claims against Castillo for a lack of subject matter jurisdiction, the Court need not determine whether the derivative jurisdiction also bars subject matter jurisdiction over the claims against Castillo.