UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
G.T., *An Infant By Her Mother and Natural Guardian*, :
ELIZABETH REYES, and ELIZABETH REYES, :
*Individually*, :
: 22-cv-5129 (LJL)
Plaintiffs, :
: OPINION AND ORDER
-v- :
:
:
BRONX LEBANON HOSPITAL CENTER, :
BRONXCARE HEALTH SYSTEM, SAEED ORAEE, :
M.D., WOODLAWN MEDICAL ASSOCIATES, P.C., :
MRUDULA PREMKUMAR, M.D., and JING JA :
YOON, M.D., :
:
Defendants. :
:
-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Elizabeth Reyes, acting in her individual capacity and as mother and natural guardian of her infant daughter G.T.[1] (collectively, "Plaintiffs"), moves for an order remanding this case to New York state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Dkt. No. 22. For the following reasons, the motion is granted.

## BACKGROUND

The Court assumes familiarity with the facts of the suit, which were outlined in the Court's prior Opinion and Order dated December 21, 2022. Dkt. No. 21 at 1–3. Plaintiffs allege that Defendants Bronx Lebanon Hospital Center, Bronxcare Health System, Saeed Oraee, M.D., Woodlawn Medical Associates, P.C., Mrudula Premkumar, M.D., and Jing Ja Yoon, M.D.

---

[1] The full name of plaintiff G.T. has been withheld pursuant to Federal Rule of Civil Procedure 5.2.

(collectively, "Defendants") failed to timely and properly provide obstetric, gynecologic, perinatal, neonatal, and pediatric care, resulting in severe and sustained injuries to G.T., including but not limited to cerebral palsy and hypoxic ischemic encephalopathy. *See generally* Dkt. No. 1-1.

Plaintiffs initially commenced this action on August 21, 2020 in New York State Supreme Court, County of Bronx, alleging medical malpractice, lack of informed consent, and loss of services under New York state law against Defendants and Wilfrido Castillo, M.D. ("Castillo"). *Id*. On June 17, 2022, the United States removed the case to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) on the grounds that: (i) trial has not yet taken place in the action; and (ii) this is a civil action brought against Castillo, an employee of the United States Public Health Service acting within the scope of his employment in connection with the medical care at issue. Dkt. No. 1 ¶ 5. On July 31, 2022, the United States filed a motion to substitute the United States in place of Castillo and to dismiss the case as to the United States for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. Nos. 5–7.

The Court granted the motion by an Opinion and Order dated December 21, 2022. Dkt. No. 21. The Court found substitution to be proper because Castillo was an employee of a United States Public Health Service under the Public Health Service Act, *see* 42 U.S.C. § 233(g). *Id*. at 7. Therefore, Plaintiffs' exclusive remedy was against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, which imposes a six-month administrative exhaustion requirement as a condition for subject matter jurisdiction, *id.* § 2675(a). *Id*. at 4–6. The Court concluded that the relevant date for whether a plaintiff has satisfied the exhaustion requirement is the date of the filing of the state court complaint, not the date of removal to

federal court. *Id*. at 11–15. Therefore, Plaintiffs had failed to exhaust their administrative remedies because they filed their state court complaint against Castillo prior to the expiration of the six-month window that the agency had to consider Plaintiffs' claims. *Id*. at 11.[2]

On February 9, 2023, Plaintiffs moved to remand the case and the remaining Defendants back to New York state court. Dkt. No. 22. The remaining Defendants have not entered an appearance and therefore have not filed an opposition to the motion.

## DISCUSSION

Plaintiffs argue that there is no basis for federal jurisdiction because the notice of removal was based solely on the fact that the claim against Castillo was a claim against the United States. Dkt. No. 21 at 4. They argue that the only remaining possible basis for federal jurisdiction would be diversity of citizenship, 28 U.S.C. § 1332, which they argue is nonexistent here.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. § 1447(c); *see also De Masi v. Schumer*, 608 F. Supp. 2d 516, 520 (S.D.N.Y. 2009). "It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals*, Inc., 943 F.3d 613, 616 (2d Cir. 2019) (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009)).

---

[2] The Court noted that the Westfall Act allowed for Plaintiffs to file a new action in federal court if they satisfied the exhaustion requirements after dismissal, and both parties agreed that Plaintiffs could immediately refile their action in federal court as more than six months had passed since the filing of Plaintiffs' administrative claim. *Id*. at 10–11. If Plaintiffs refile in state court and the action is removed again to federal court, counsel for the Defendants may move for reassignment as provided under Rules 13 and 20 of the Rules for the Division of Business Among District Judges, Southern District of New York.

The Court agrees with Plaintiffs that the case should be remanded. As a preliminary matter, none of the remaining Defendants sought removal on the basis of diversity jurisdiction. The notice of removal from the United States only invoked 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) and did not invoke diversity jurisdiction. The notice of removal was never amended to incorporate diversity jurisdiction and no party has asserted diversity jurisdiction thus far. That is sufficient for remand. Defendants, even if they had opposed Plaintiffs' motion, would have had no standing to seek removal based on diversity jurisdiction. *See*, *e.g.*, *J.S.R. ex rel. Rojas Polanco v. Washington Hosp. Ctr. Corp.*, 667 F. Supp. 2d 83, 85 (D.D.C. 2009) ("Non-federal Defendants never removed this case. The United States removed it and removed it only on the basis of federal question jurisdiction. The fact that Non-federal Defendants might have removed the case on the basis of diversity is irrelevant—that factual scenario simply never existed."); *see also McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) ("[The defendant seeking removal] must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations."); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 298 (2d Cir. 2000) ("[B]ecause the notice of removal failed even to allege diversity jurisdiction as a basis for removal, the defendant had 'no standing' to seek removal." (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994))).

The underlying record also provides little basis for exercising diversity jurisdiction because it does not conclusively indicate the citizenship of the parties. With the exception of one

4

Defendant,[3] the Complaint itself does not allege the citizenship of the parties.[4] While the New York Summons includes the residence of the Plaintiffs and mailing addresses for the Defendants, see Dkt. No. 1-1 at 1–2,[5] "it is well-established that allegations of residency alone cannot establish citizenship," *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). Summons issued under N.Y. C.P.L.R. 305(a), like the one issued here, only "specify the basis of the venue designated," and if "based upon the *residence of the plaintiff*[,] it shall specify the plaintiff's address." N.Y. C.P.L.R. 305(a) (emphasis added). The underlying record thus lacks a conclusive basis for asserting diversity jurisdiction. *See*, *e.g.*, *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (concluding that plaintiffs there "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties"); *see also Lue v. JPMorgan Chase & Co.*, 2022 WL 1146219, at *1 (2d Cir. Apr. 19, 2022) (summary order) ("'An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile,' and residence or place

---

[3] The Complaint alleges that defendant Woodlawn Medical Associates, P.C. was "duly organized and existing under and by virtue of the laws of the State of New York." Dkt. No. 22-3 ¶ 23.
[4] Indeed, New York's Civil Practice Law and Rules do not generally require allegations of the citizenship of non-corporate parties, such as Plaintiffs here, in complaints. "There is no omnibus requirement in New York practice to allege the citizenship, domicile, or residence of non-corporate parties. Unlike the federal courts in diversity of citizenship cases under 28 U.S.C.A. [§] 1332, the individual's sovereign loyalties do not go to subject-matter jurisdiction in the New York courts and need not be alleged." N.Y. C.P.L.R. 3015 (McKinney) (Practice Commentaries). For corporate entities, N.Y. C.P.L.R. 3015(b) provides that "[w]here any party is a corporation, the complaint shall so state and, where known, it shall specify the state, country or government by or under whose laws the party was created." *Id.* 3015(b). But even when corporate citizenship is omitted, however, it is often treated as "a minor pleading defect that resulted in no prejudice to respondent, and [is] thus properly disregarded." *In re Etkin & Co., Inc. (Play It Again Apparel, Inc.)*, 652 N.Y.S.2d 285, 286 (1st Dep't 1997).
[5] The Court may consider the Summons as part of its jurisdictional analysis. The Court, to investigate subject matter jurisdiction, may look to materials including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (citing cases).

of employment alone are 'insufficient to establish domicile for jurisdictional purposes.'" (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019))); *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 51 (2d Cir. 2012) ("Every corporation is now treated for diversity purposes as a citizen of both its state of incorporation and its principal place of business.")..

If anything, the record indicates that diversity jurisdiction may not exist.  The Summons indicates that all parties appear to reside in New York, undermining any inference that diversity jurisdiction might exist.  Dkt. No. 1-1 at 1–2.  There is no indication that Plaintiffs' citizenships would be outside New York.  There is no mention of any indicia of citizenship outside New York.  The one Defendant with a discernable citizenship from the Complaint, Woodlawn Medical Associates, P.C., was incorporated in the state of New York.  Dkt. No. 22-3 ¶ 23.  The motion for remand further asserts that "Plaintiffs are New York domiciliaries and all Defendants are New York domiciliaries."  Dkt. No. 22-1 at 3.  To the extent there are any doubts concerning subject matter jurisdiction, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [a court] must resolve any doubts against removability."  *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and alteration omitted); *see also Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) ("Any doubts regarding the propriety of removal are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'" (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994))).

That result is consistent with the conclusions of other district courts that have faced similar situations in which the United States removed one of several defendants under the Public Health Service Act, and multiple non-United States defendants remained.  Courts have

6

consistently remanded such actions with the remaining defendants to state court. *See*, *e.g.*, *Spina v. Lu Feng Liu*, 541 F. Supp. 3d 426, 434 (S.D.N.Y. 2021) ("Accordingly, the action against the remaining defendant is remanded to the New York State Supreme Court, Kings County."); *Stark v. Tryon*, 171 F. Supp. 3d 35, 41 (D. Conn. 2016) (stating that "nothing prevented [remaining defendants] from filing an amended notice of removal or asserting an independent jurisdictional basis by way of federal court notice or motion" and that "[p]ermitting defendants to assert new jurisdictional bases would also violate . . . Congressional restrictions on removal jurisdiction"); *J.S.R. ex rel. Rojas Polanco*, 667 F. Supp. 2d at 84 ("[O]nce the United States was dismissed, this Court no longer had any subject matter jurisdiction over the case and was required, by the mandatory language of § 1447(c), to remand the case to Superior Court."); *Jessup v. Cont'l Motors, Inc.*, 2013 WL 309895, at *3 (E.D. Pa. Jan. 24, 2013) ("This rule [of remanding] applies with even greater force when the party seeking federal jurisdiction has neither filed nor joined in a notice of removal at all."); *Porter v. Hirsch*, 345 F. Supp. 2d 400, 404 (S.D.N.Y. 2004) (same).

## CONCLUSION

Plaintiffs' motion to remand is GRANTED. The Clerk of Court is respectfully directed to REMAND this action to the Supreme Court of the State of New York, Bronx County. The Clerk of Court is also respectfully directed to close Dkt. No. 22.

SO ORDERED.

Dated: February 27, 2023
      New York, New York

                                LEWIS J. LIMAN
                             United States District Judge